UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
In re F5 NETWORKS, INC. DERIVATIVE      )   Master File No. C06-794RSL
LITIGATION.                             )
                                        )   ORDER GRANTING IN PART AND
                                        )   DENYING IN PART PLAINTIFFS'
                                        )   MOTION FOR JUDICIAL NOTICE
                                        )
_____)

This matter comes before the Court on "Plaintiffs' Request for Judicial Notice" (Dkt. #54). In support of their "Opposition to Nominal Defendant F5 Networks, Inc.'s Motion to Dismiss for Failure to Make Demand," (Dkt. #53) plaintiffs request that the Court take judicial notice of: (1) F5 Networks, Inc.'s Form 10-K/A filed with the SEC on December 12, 2006 for the period ended September 30, 2005 ("the F5 2005 10-K/A"); (2) historical stock prices for F5 Networks, Inc. from May 1, 2006 to May 31, 2006, as reported on Yahoo.com (the "F5 stock prices"); (3) a Wall Street Journal article by Charles Forelle & James Bandler, <u>The Perfect Payday – Some CEOs reap millions by landing stock options when they are most valuable; Luck – or something else?</u>, Wall St. J., March 18, 2006, at A1 (the "Wall Street Journal article"); and (4) a Merrill Lynch report entitled "Options Pricing – Hindsight is 20/20," dated May 22, 2006 (the "Merrill Lynch report").

In response, nominal defendant F5 Networks, Inc. ("F5") and individual defendants Amdahl, Eames, Hull, Hussey, McAdam, Reinland, Reiter, and Rodriguez do not oppose the

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

Court taking judicial notice of the 2005 F5 10-K/A, or the F5 stock prices, but they do assert that "the Court should not take judicial notice of (i.e., accept as true for purposes of [the Motion to Dismiss for Failure to Make Demand (Dkt. #59)]) the underlying 'facts' that support the studies' [the Wall Street Journal article and the Merrill Lynch report] conclusions or the conclusions themselves." See Dkt. #59 (Reply to Motion to Dismiss) at n.1; Dkt. #58.

Rule 201 of the Federal Rules of Evidence, which governs judicial notice, states in part: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  On a motion to dismiss, the Court may take judicial notice of SEC filings.  See Dreiling v. Am. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006) (stating that the court may "consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."); In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (affirming district court's consideration of SEC filings on a motion to dismiss). Given this authority, and the fact that defendants do not oppose judicial notice,[1] the Court GRANTS plaintiffs' motion with respect to the 2005 F5 10-K/A.

Stock prices of publically traded companies are subject to judicial notice.  See In re Merck & Co., Sec. Litig., 432 F.3d 261, 264 n.3 (3d Cir. 2005) ("We can take judicial notice of Merck's stock prices even on a motion to dismiss because these facts are not subject to reasonable dispute [and are] capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned.") (quotation marks and citation omitted); Plevy v. Haggerty, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) ("[T]he stock price of a publically traded company is proper subject matter for judicial notice").   Therefore, given this authority and the fact that defendants do not oppose judicial notice, the Court GRANTS plaintiffs' motion

---

[1] In its motion to dismiss, nominal defendant F5 also relies extensively on SEC filings and F5's historical stock prices. See Dkt. #49, #59.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR JUDICIAL NOTICE  -2-

with respect to F5's stock prices.

The incorporation by reference doctrine "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d at 986 (internal quotation and alteration omitted). In this case, the contents of the Wall Street Journal article were alleged in the Complaint and accordingly, the Court will consider the article because its authenticity has not been questioned. See Dkt. #39 (Complaint) at ¶4. Therefore, plaintiffs' motion with respect to the Wall Street Journal article is GRANTED.

In response to defendant F5's motion to dismiss for failure to make demand (Dkt. #53), plaintiffs contend they used the "same tools" as applied in the Merrill Lynch report to support the backdating allegations in the derivative complaint. See Dkt. #53 at 15. While the Court takes judicial notice of the fact that the Merrill Lynch report was published, the Court does not take judicial notice of the Merrill Lynch report's conclusions or the methodology used to arrive at the conclusions because under Fed. R. Evid. 201, these are subject to reasonable dispute.

In their response to defendant's motion to dismiss, plaintiffs relied on both the Wall Street Journal article and the Merrill Lynch report for their contention that they incorporated the "same tools" used in these publications. See Dkt. #53 at 15. The Court's refusal to judicially notice the conclusions or methodology in the Merrill Lynch report, therefore, is not in any way outcome determinative in this matter given the Court's consideration of the Wall Street Journal article under the incorporation by reference doctrine. For these reasons, plaintiffs' motion with regard to the Merrill Lynch report is GRANTED IN PART AND DENIED IN PART.

DATED this 1st day of August, 2007.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR JUDICIAL NOTICE  -3-