1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
                                                          )       Master File No. C06-794RSL
In re F5 NETWORKS, INC. DERIVATIVE        )
LITIGATION.                                             )       ORDER CERTIFYING QUESTION TO
                                                          )       THE WASHINGTON STATE
                                                          )       SUPREME COURT
                                                          )
_____)

On May 20, 2008, the Court ordered the parties in this case to show cause why the Court

should not certify a question asking the Washington State Supreme Court to provide the

substantive standard establishing when demand is excused under RCW 23B.07.400(2) in a

shareholder derivative action against a Washington corporation.  See Dkt. #92 (Order to Show

Cause).  The individual defendants who responded to the order, and nominal defendant F5

Networks, Inc. ("F5"), do not oppose certification.  See Dkt. ## 94, 95, 97.  Plaintiffs assert in

response that certification is unnecessary because:  (1) the Washington State Supreme Court, if

asked, would likely adopt Delaware's demand futility standard; and (2) the "case could be

mooted by future events" given that F5 might appoint a special litigation committee that would

"likely seek to terminate and/or otherwise resolve the pending action."  See Dkt. #96 at 1, 4-5.

Plaintiffs' primary objection, however, is delay.  Id. at 5 ("[S]ignificant amounts of public and

private resources can be conserved by deciding the pending motions to dismiss without

certifying the proper pleading burden for futility of demand to the Washington Supreme

1  Court.").

2      The Court finds plaintiffs' arguments in response to the Order to Show Cause unavailing.

3  First, as set forth in the Court's Order to Show Cause, the extent to which the Washington State

4  Supreme Court follows Delaware law on the issue of demand futility is an open question.  See

5  Dkt. #92 at 3-7.  Second, speculation by the plaintiffs that future actions might moot issues in

6  this case does not affect the threshold, and potentially dispositive, issue of demand futility

7  pending before the Court.  See Dkt. #80 (F5's Motion To Dismiss Amended Complaint For

8  Failure To Make Demand).  Finally, while the certification process will cause some delay in this

9  case, the procedure serves the two broader judicial interests of efficiency and comity:  as noted

10  by the United States Supreme Court, in the long run certification saves "time, energy and

11  resources and helps build a cooperative judicial federalism."  Lehman Bros. v. Schein, 416 U.S.

12  386, 391 (1974).  And, for the reasons set forth in the Court's Order to Show Cause, the Court is

13  of the opinion that certification is necessary under RCW 2.60.020 to ascertain, as a matter of

14  first impression, Washington's substantive standard for establishing when demand is excused

15  pursuant to RCW 23B.07.400(2) in a shareholder derivative action against a Washington

16  corporation.

17      Therefore, the Court respectfully certifies the following question to the Washington State

18  Supreme Court:

19      "What test does Washington apply to determine whether allegations made pursuant
    to RCW 23B.07.400(2) by a shareholder seeking to initiate derivative litigation on
20      behalf of a Washington corporation excuse that shareholder from first making
    demand on the board of directors to bring that litigation on behalf of the
21      corporation?; and

22      If Washington follows Delaware's demand futility standard, does it also follow the
    reasoning of Ryan v. Gifford, 918 A.2d 341 (Del. Ch. 2007) in cases where the
23      improper backdating of stock options has been alleged?"

24      The Court does not intend its framing of the question to restrict the Washington State

25  Supreme Court's consideration of any issues that it determines are relevant.  If the Washington

26

1   State Supreme Court decides to consider the certified question, it may in its discretion

2   reformulate the question.  See, e.g., Keystone Land & Dev. Co. v. Xerox Corp., 353 F.3d 1093,

3   1098 (9th Cir. 2003).

4          The Clerk of Court is directed to submit to the Washington State Supreme Court certified

5   copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. ## 1, 37, 39,

6   49, 50, 53, 54, 59, 60, 67, 69, 74, 80, 81, 84, 86, 87, 89, 90, 92, 94-97.  The record so compiled

7   contains all matters in the pending cause deemed material for consideration of the local law in

8   question certified for answer.  See RCW 2.60.010, 2.60.030.

9          The matter is hereby STAYED pending the Washington State Supreme Court's decision

10  whether it will accept review, and if so, receipt of the certified answer to the certified question.

11         If the Washington State Supreme Court accepts review of the certified question, the Court

12  designates F5 as the party to file the first brief under RAP 16.16(e)(1).  The Clerk of Court shall

13  notify the parties as soon as possible, but no more than three days, after the above-described

14  record is filed with the Washington State Supreme Court.  The parties are referred to RAP 16.16

15  and RCW 2.60.030 for additional information regarding the procedure before the Washington

16  State Supreme Court.

17

18         DATED this 3rd day of July, 2008.

19

20         *Mnt S Casnik*

21         Robert S. Lasnik
           United States District Judge

22

23

24

25

26