THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re F5 NETWORKS, INC. DERIVATIVE LITIGATION | Master File No. C-06-0794-RSL<br>STIPULATION OF SETTLEMENT |

570430_1

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1   This Stipulation of Settlement, dated September 24, 2010 (the "Stipulation"), is made and

2   entered into by and among the following Settling Parties (as defined below in § IV(A)(18) hereof),

3   each by and through their respective counsel: (i) Federal Lead Plaintiff Locals 302 and 612 of the

4   International Union of Operating Engineers-Employers Construction Industry Retirement Trust

5   ("Federal Lead Plaintiff") (on behalf of itself and derivatively on behalf of F5 Networks, Inc. ("F5"

6   or the "Company")); (ii) the Individual Defendants (as defined below in § IV(A)(10)); and (iii)

7   nominal party F5.  The Stipulation is intended by the Settling Parties to fully, finally and forever

8   resolve, discharge and settle the Released Claims (as defined below in § IV(A)(16)), upon and

9   subject to the terms and conditions hereof.

10   **I.      INTRODUCTION AND PROCEDURAL OVERVIEW**

11   On June 8, 2006, plaintiff Glenn Hutton filed a complaint in the United States District Court

12   for the Western District of Washington at Seattle (the "Court"): *Hutton v. McAdam, et al.*, Case No.

13   2:06-cv-00794-RSL.  Thereafter, three other cases were consolidated with the *Hutton* case: *Locals*

14   *302 and 612 of the International Union of Operating Engineers-Employers Construction Industry*

15   *Retirement Trust v. McAdam, et al.*, Case No. 2:06-cv-01057-RSL; *Easton v. McAdam, et al.*, Case

16   No. 2:06-cv-01145-RSL; and *Barone v. McAdam et al.*, Case No. C07-1200-RSL.The four above-

17   referenced derivative actions were consolidated as *In re F5 Networks, Inc. Derivative Litigation*,

18   Master File No. 2:06-00794-RSL (the "Federal Action").On October 2, 2006, the Court appointed

19   Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction

20   Industry Retirement Trust as Federal Lead Plaintiff, and Coughlin Stoia Geller Rudman & Robbins

21   LLP (now known as Robbins Geller Rudman & Dowd LLP) as lead counsel in the Federal Action

22   ("Federal Lead Counsel").

23   Three additional derivative actions were filed against F5 and certain of the Individual

24   Defendants in the Superior Court of Washington for King County: *Adams v. Amdahl et al.*, Case No.

25   06-2-17195-1 SEA; *Wright v. Amdahl et al.*, Case No. 06-2-19159-SEA; and *Sommer v. McAdam*

26   *et al.*, Case No. 06-2-26248-4 SEA.   On April 3, 2007, the above-referenced actions were

1  consolidated as *In re F5 Networks, Inc. State Court Derivative Litigation*, Master Case No. 06-2-

2  17195-1 SEA (the "State Action").   On April 3, 2007, the King County Court also appointed

3  Marilyn Adams as State Lead Plaintiff, and Schiffrin, Baroway, Topaz & Kessler LLP (now known

4  as Barroway Topaz Kessler Meltzer & Check LLP) as lead counsel, in the State Action. At the same

5  time, the State Action was stayed pending resolution of the Federal Action and remains stayed.

6       The Federal Action and the State Action are referred to collectively in this Stipulation as the

7  "Actions."

8       The Federal Action alleges claims on behalf of F5 against certain current and former officers

9  and directors of F5, arising from or relating to the granting of stock options at F5, beginning as early

10  as 1999.  On October 25, 2006, F5 announced that a special committee had concluded after an

11  internal investigation  that the recorded grant dates for certain stock option grants made between

12  fiscal years 1999 and 2004 should not be relied upon as the measurement date for accounting

13  purposes. F5 further disclosed that the Company would likely need to restate its historical financial

14  statements for fiscal years 1999-2005 "to record additional non-cash, stock-based compensation

15  expense" related to past stock option grants, and that "the [C]ompany's financial statements and

16  earnings releases and similar financial communications relating to fiscal periods commencing on or

17  after October 1, 1998, which is the first day of the [C]ompany's fiscal year 1999, and through the

18  date of this release should no longer be relied upon." On November 8, 2006, F5 announced, among

19  other things, that it would restate its financial statements for fiscal years 1999 through 2005 and the

20  first two quarters of fiscal 2006 to reflect an additional non-cash, stock-based compensation expense

21  of approximately $22.9 million.

22       On November 26, 2006, Federal Lead Plaintiff filed its Consolidated Verified Shareholder

23  Derivative Complaint (the "Consolidated Complaint"). The Consolidated Complaint asserted claims

24  relating to the alleged backdating of stock option grant awards, and the issuance of allegedly false

25  and misleading statements and other SEC reports allegedly designed to conceal such backdating

26  from shareholders against certain of the Individual Defendants (as defined below in § IV(A)(10)).

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1     On February 28, 2007, F5 moved to dismiss the Consolidated Complaint on the theory that a

2  pre-suit demand on the F5 Board of Directors would not have been futile.  More specifically, F5

3  argued that the Consolidated Complaint contained no allegations that F5's directors lacked

4  independence or that they were sufficiently "interested" in the events at issue to disqualify them

5  from exercising their business judgment.

6     Federal Lead Plaintiff opposed F5's motion, arguing that the Consolidated Complaint

7  sufficiently alleged the reasons demand on the F5 Board would have been futile.  On August 6,

8  2007, the Court granted the motion to dismiss with leave to amend.  On September 14, 2007, Federal

9  Lead Plaintiff filed its Amended Consolidated Verified Shareholder Derivative Complaint (the

10 "Complaint").  The Complaint alleged violations of the federal securities laws, the Sarbanes-Oxley

11 Act of 2002, and state common law.  F5 filed a motion to dismiss the Complaint on November 16,

12 2007, again arguing that Federal Lead Plaintiff had not adequately alleged that demand on the F5

13 Board would have been futile, and Federal Lead Plaintiff filed an opposition on January 18, 2008.

14 F5 filed its reply on February 19, 2008.  On July 3, 2008, the Court certified two questions

15 concerning Washington state law to the Washington Supreme Court.  Following full briefing and

16 oral argument by the parties, on May 21, 2009, the Washington Supreme Court issued its opinion on

17 the certified questions.  In October 2009, the Court requested supplemental briefing to address the

18 impact of the Washington Supreme Court's opinion on F5's pending motion to dismiss.  Following

19 submission of such briefing, the parties agreed to attempt a mediation of the Action, and sought and

20 were granted a suspension of the ruling on F5's motion to dismiss until after the mediation.

21    In June 2010, the parties to the Federal Action attended a mediation before the Honorable

22 Layn Phillips (Ret.).  Since the mediation, the parties have continued settlement negotiations to

23 resolve the Action, and thereafter reached an agreement-in-principle to settle the Actions.

24    As a result of the Federal Action and the settlement reflected in this Stipulation (the

25 "Settlement"), F5 has instituted, or will institute, significant corporate governance reforms designed

26 to enhance its internal controls and operations.  Federal Lead Plaintiff, Federal Lead Counsel, and F5

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone: 206/724-5362

1    believe that a settlement at this juncture on the terms and on the conditions set forth in this

2    Stipulation is fair, reasonable, adequate, and in the best interests of F5.

3         The Board of Directors of F5, in an exercise of its independent business judgment, approved

4    the Settlement and each of its terms as fair, just and adequate, and in the best interest of F5 and its

5    shareholders.

6    **II.    CLAIMS OF THE FEDERAL PLAINTIFFS AND BENEFITS OF SETTLEMENT**

7         Federal Lead Plaintiff believes that the claims asserted in the Federal Action have merit.

8    However, Federal Lead Counsel recognizes and acknowledges the expense and length of continued

9    proceedings necessary to prosecute the Actions through trial and through appeals.  Federal Lead

10   Counsel has also taken into account the uncertain outcome and the risk of any litigation, especially in

11   complex actions such as the Federal Action, as well as the difficulties and delays inherent in such

12   litigation.  Federal Lead Counsel is also mindful of the inherent problems of proof and possible

13   defenses to the claims asserted in the Federal Action.  Federal Lead Counsel believes that the

14   Settlement confers substantial benefits upon F5 and its shareholders.  Based on their evaluation,

15   Federal Lead Plaintiff and nominal party F5 have determined that the Settlement is in the best

16   interests of F5 and its shareholders.

17   **III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

18        Defendants (as defined below in § IV(A)(4)) have denied and continue to deny each and all

19   of the claims and contentions alleged by Federal Lead Plaintiff in the Federal Action.  Defendants

20   expressly have denied and continue to deny all charges of wrongdoing or liability against them

21   arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been

22   alleged, in the Federal Action.  Defendants also have denied and continue to deny, *inter alia*, the

23   allegations that Federal Plaintiffs, F5, or its shareholders have suffered damage, or that Federal

24   Plaintiffs, F5, or its shareholders were harmed by the conduct alleged in the Federal Action.

25   Defendants have further asserted that at all relevant times, they acted in good faith and in a manner

26   they reasonably believed to be in the best interests of F5 and its shareholders.

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone: 206/724-5362

1    Nonetheless, Defendants have concluded that further conduct of the Federal Action would be

2    protracted and expensive, and that it is desirable that the Federal Action be fully and finally settled in

3    the manner and upon the terms and conditions set forth in this Stipulation.  Defendants agree to the

4    Settlement without admitting any wrongdoing or liability.

5    **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

6    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

7    Federal Plaintiff (as defined below in § IV(A)(8)) (for themselves and derivatively on behalf of F5,

8    F5, and the Individual Defendants by and through their respective counsel or attorneys of record:

9    **A.    Definitions**

10    As used in this Stipulation the following terms have the meanings specified below:

11    1.    "Actions" means collectively the consolidated action pending in the United States

12    District Court for the Western District of Washington entitled *In re F5 Networks, Inc. Derivative*

13    *Litigation*, Case No. 6-06-0794-RSL and the consolidated action pending in the Superior Court of

14    Washington for King County entitled *In re F5 Networks, Inc. State Court Derivative Litigation*,

15

16    Master Case No. 06-2-17195-1 SEA.

17    2.    "Complaint" means the Amended Consolidated Verified Shareholders Derivative

18    Complaint filed in the Federal Action.

19    3.    "Court" means the United States District Court for the Western District of

20    Washington.

21

22    4.    "Defendants" means nominal party F5 and the Individual Defendants.

23    5.    "Effective Date" means the first date by which all of the events and conditions

24    specified in § IV(F)(1) of this Stipulation have been met and have occurred.

25    6.    "F5" means F5 Networks, Inc. and its predecessors, successors, subsidiaries,

26    affiliates, divisions, and assigns.

570430_1

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone: 206/724-5362

- 5 -

7.   "Federal Lead Counsel" means Robbins Geller Rudman & Dowd LLP and its successors.

8.   "Federal Plaintiffs" means Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust, Glenn Hutton, David Sommer, and Lawrence Barone, and (as applicable) their respective parents, subsidiaries, affiliates, directors, officers, agents, employees, representatives, insurers, spouses, marital communities, heirs, successors, subrogees, transferees, and assignees.

9.   "Final" means the time when the Judgment (as defined below in § IV(A)(11)) and the order dismissing with prejudice the State Action have not been reversed, vacated, or modified in any way and are no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. More specifically, it is that situation when: (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Actions; or (2) an appeal has been filed and the courts of appeal has/have either affirmed the Judgment/dismissal or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment/dismissal or affirmed the court of appeals' decision affirming the Judgment/dismissal or dismissing the appeal.

10.   "Individual Defendants" means John McAdam, Andy Reinland, John Rodriguez, Joann M. Reiter, Edward J. Eames, Jeff Pancottine, Tom Hull, Brett L. Helsel, Steven Goldman, Jeffrey S. Hussey, Carlton Amdahl, Steven B. Coburn, Alan J. Higginson, Karl D. Guelich, Keith D. Grinstein, Rich Malone, A. Gary Ames, and Kenny J. Frerichs.

11.   "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

12. "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

13. "Plaintiffs" means Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust, Glenn Hutton, David Sommer, Lawrence Barone, Allen Easton, Marilyn Adams, and John C. Wright, and (as applicable) their respective parents, subsidiaries, affiliates, directors, officers, agents, employees, representatives, insurers, spouses, marital communities, heirs, successors, subrogees, transferees, and assignees.

14. "Plaintiffs' Counsel" means any counsel that has appeared of record or rendered legal services to any of Plaintiffs in connection with the Actions.

15. "Related Persons" means (1) each Individual Defendant's respective spouse, marital community, heirs, successors, executors, estates, or administrators; any entity in which an Individual Defendant and/or member(s) of his or her family has or had a controlling interest; any members of an Individual Defendant's immediate family; or any trust of which an Individual Defendant is or was the settlor or which is or was for the benefit of any Individual Defendant and/or member(s) of his or her family; (2) each of the Individual Defendant's present and former attorneys, legal representatives, insurers, and assigns in connection with the Actions; and (3) all past and present directors, officers, partners, controlling shareholders, joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, divisions, assigns, insurers, and attorneys for F5, its counsel, or any entity in which F5 has a controlling interest.

16. "Released Claims" shall collectively mean all claims (including "Unknown Claims," as defined below in § IV(A)(21)), debts, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that could have been asserted by any derivative plaintiff on behalf of F5, or by F5, against each

1   and every Released Person (including, without limitation, claims for damages, interest, attorneys'

2   fees, expert or consulting fees and any other costs, expenses or liability, negligence, negligent

3   supervision, gross negligence, intentional conduct, indemnification, breach of duty of care and/or

4   breach of duty of loyalty or good faith, fraud, misrepresentation, unjust enrichment, constructive

5   trust, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading,

6   professional negligence, mismanagement, corporate waste, breach of contract, or violations of any

7   state or federal statutes, rules or regulations) that were alleged in the Actions, or that arise from or

8   relate to the matters or occurrences that were alleged in the Actions, or that could have been asserted

9   with respect to the matters or occurrences that were alleged in the Actions, for conduct through and

10  including the date on which this Stipulation is fully executed by all signatories, including any claims

11  related to the public disclosures relating to stock option grants and purchases or the transactions

12  referenced therein, however described.

13       17.     "Released Persons" means each and all of the Individual Defendants and their Related

14  Persons.

15       18.     "Settling Parties" means, collectively, each of the Individual Defendants, Federal

16  Plaintiffs (on behalf of themselves and derivatively on behalf of F5), and F5 and its shareholders.

17       19.     "State Court" means the Superior Court of the State of Washington, King County.

18       20.     "State Action" means the consolidated action pending in the Superior Court of

19  Washington for King County entitled *In re F5 Networks, Inc. State Court Derivative Litigation*,

20  Master Case No. 06-2-17195-1 SEA.

21       21.     "Unknown Claims" means any of the Released Claims that any of Plaintiffs, F5, or

22  F5 shareholders do not know or suspect to exist in his, her or its favor at the time of the release of the

23  Released Persons, including claims that, if known by him, her or it, might have affected his, her or

24  its settlement with and release of the Released Persons, or might have affected his, her or its decision

25  not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties

26  stipulate and agree that, upon the Effective Date, the Plaintiffs, Individual Defendants, and F5 shall

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

1  expressly waive and each of the F5 shareholders shall be deemed to have, and by operation of the

2  Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code

3  § 1542, which provides:

*A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR.*

7  Upon the Effective Date, Plaintiffs, Individual Defendants, and F5 shall expressly waive, and each of

8  the F5 shareholders shall be deemed to have, and by operation of the Judgment shall have, expressly

9  waived any and all provisions, rights and benefits conferred by any law of any jurisdiction or any

10  state or territory of the United States, or principle of common law that is similar, comparable or

11  equivalent to California Civil Code § 1542.   Plaintiffs, Individual Defendants, F5 and F5

12  shareholders may hereafter discover facts in addition to or different from those that he, she or it now

13  knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the

14  Effective Date, each of Plaintiffs, Individual Defendants, and F5 shall expressly settle and release,

15  and each F5 shareholder shall be deemed to have, and by operation of the Judgment shall have, fully,

16  finally, and forever settled and released, any and all Released Claims, known or unknown, suspected

17  or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

18  or heretofore have existed upon any theory of law or equity now existing or coming into existence in

19  the future, including, but not limited to, conduct that is negligent, intentional, with or without malice,

20  or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

21  different or additional facts.  The Settling Parties acknowledge, and the F5 shareholders shall be

22  deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was

23  separately bargained for and is a key element of the settlement of which this release is a part.

24  **B.      Corporate Governance Measures**

25          In connection with and conditioned upon the settlement of the Actions, F5 has agreed to

26  implement and/or maintain the Corporate Governance Measures set forth below.  These Corporate

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

1   Governance Measures constitute the consideration for the Settlement, and F5 acknowledges that the

2   pendency and prosecution of the Federal Action were a substantial cause in the Company's decision

3   to implement and/or maintain the Corporate Governance Measures. The Corporate Governance

4   Measures shall be maintained for a minimum of five years from the Effective Date; provided,

5   however, that in the event that any Corporate Governance Measure listed below conflicts with any

6   rule, law or regulation (including regulations of any stock exchange on which F5 securities are

7   listed), F5 shall not be required to implement or maintain such measures.

8        A determination that a Corporate Governance Measure conflicts with any rule, law or

9   regulation shall be made by the Board's Nominating and Corporate Governance Committee or a

10   majority of the independent members of the Board. Any such determination shall be (a) documented

11   in Board or Committee meeting minutes (as applicable), (b) shall be disclosed to Robbins Geller

12   Rudman & Dowd LLP, (c) documented in a notice filed with the Court, and (d) disclosed on the

13   Investor Relations "home" page of the Company's website as soon as practicable after such

14   determination has been made and, if feasible, prior to the effectuation of any change to the Corporate

15   Governance Measure(s).

16        1.      **Stock Option Grants and Procedures**

17            a.      **Stock Option Plans**

18        The Board shall adopt an equity-based compensation award policy that applies to all current

19   and future equity incentive plans, whether or not subject to shareholder approval, providing for the

20   following:

21                i.      The policy shall clearly define the exercise price, the grant date, and

22   the fair market value of stock (e.g., the closing price of the stock on a specified date, or the average

23   closing price over a specified period). In no event will the exercise price or value of an award be

24   determined by reference to the fair market value of F5 stock on a date other than the grant date of the

25   award. The fair market value of F5 stock on a grant date will be defined as the closing price for a

26   share of F5 common stock on such date as reported on the NASDAQ.

STIPULATION OF SETTLEMENT

- 10 -

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

1     ii. The following clause will be included in the policy: "The date of grant

2 of an equity award must, for all purposes, be no earlier than the date on which the Board or

3 Compensation Committee makes the determination granting such award.  Notice of the

4 determination will be given to each employee or consultant to whom an equity award is so granted

5 reasonably promptly following the grant date or by such date as may be required by applicable

6 accounting standards.  In no event will notice be given more than twenty (20) days after the date of

7 such grant."

8     iii. The policy shall require compliance with legal, professional, and

9 ethical requirements for proper disclosure and proper accounting.

10     iv. The policy shall require appropriate documentation for proper

11 disclosure and accounting.

12     v. The policy shall identify who is responsible and appropriate steps for

13 ensuring compliance with applicable laws and regulations by option grantees (e.g., timely and

14 accurate filing of SEC Forms 3, 4, and 5), and shall require effective monitoring mechanisms to

15 ensure that such laws, and the plans, are followed.

16     vi. The Company shall maintain all records relating to all equity awards

17 until at least seven (7) years after the expiration of the pertinent equity awards.

18    **b.** **Granting of Stock Option Awards**

19     i. Authority to grant stock option awards to directors and executive

20 officers, and authority to approve parameters for stock option awards for other employees, shall be

21 limited to the full Board or a properly constituted Compensation Committee, consisting of solely

22 independent directors.

23     ii. Grants to directors and any employee subject to § 16 of the Securities

24 Exchange Act of 1934, or Covered Employees within the meaning of § 162(m) of the Internal

25 Revenue Code, shall either be approved or be ratified by the full Board or the Compensation

26 Committee, consisting solely of independent directors, as defined herein.

STIPULATION OF SETTLEMENT

1          iii.    The Board or the Compensation Committee, as applicable, shall

2   approve equity awards to newly hired employees and service providers (other than non-employee

3   directors) and to newly promoted individuals, to be granted on a quarterly basis effective February 1,

4   May 1, August 1, and November 1 (or, if such day is not a business day, on the following business

5   day) (the "New Hire Grant Date").  All such approvals shall occur on or prior to the New Hire Grant

6   Date.  The Board or the Compensation Committee, as applicable, at its discretion may also change in

7   advance the annual grant dates and quarterly grant date for a given quarter, and shall disclose such

8   change prior to the new annual grant date.

9          iv.    For equity awards that require approval at times other than regularly

10  scheduled Compensation Committee meetings (for example, in connection with the hiring of a senior

11  executive or the closing of an acquisition or other strategic transaction), the Compensation

12  Committee may approve equity grants by calling a special Compensation Committee meeting.  The

13  grant date for each such equity grant shall be no earlier than the date that the Compensation

14  Committee holds the special meeting and concurrently approves the grant.   When a special

15  Compensation Committee meeting is not feasible, the Compensation Committee may approve equity

16  grants by having the entire Compensation Committee approve such grants by written consent.  The

17  grant date for all such grants approved by written consent shall be no earlier than the date on which

18  the written consent is complete and approved in writing (or by electronic transmission) by all

19  Compensation Committee members.   All written consents shall carry the date of when each

20  signatory signed (or electronically approved) the consent.

21          v.    The exercise price for any equity grants approved at times other than

22  regularly scheduled Compensation Committee meetings shall be determined using the formula

23  prescribed in the equity-based Compensation award policy described in § I.A. herein.   The

24  Compensation Committee will promptly inform the Board about any equity grants to executive

25  officers approved by the Compensation Committee.

26

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

2.      **Board Composition and Practices**

    a.      **Board Structure**

        i.      The Board's Committees shall have standing authorizations, at their discretion, to obtain legal or other advisors of their choice, who will report directly to the Board or the Committee.

        ii.      A nominee for director shall be elected by a vote of a majority of the votes cast. A majority of votes cast means that the number of shares cast "for" a nominee's election exceeds the number of votes cast "against" that nominee's election.

    b.      **Separate Chairman/CEO**

        i.      In the event that, and for as long as, the positions of Chairman of the Board and Chief Executive Officer are held by the same person, the independent members of the Board shall annually elect an independent director to act in a lead capacity to coordinate the other independent directors, as described further below (the "Lead Independent Director"). The Lead Independent Director shall coordinate and moderate executive sessions of the Board's independent directors, and shall act as principal liaison between the independent directors and the Chief Executive Officer.

        ii.      In addition to the duties applicable to all Board members (which will not be limited or diminished by the Lead Independent Director's role), the Lead Independent Director shall be responsible for the following functions:

- Coordinate and approve the timing and agendas for Board meetings. (The Committee Chairpersons will coordinate and approve the timing and agendas for their respective Committee meetings.)

- Recommend the nature, quantity and timing of information provided to the independent directors by the Company's management, including information specifically requested by the Lead Independent Director.

570430_1

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

- 13 -

1     •      Recommend retention of such counselor consultants who report directly to the Board,

2          or to the Lead Independent Director.

3     •      In consultation with the applicable Committee Chairpersons, recommend

4          implementation of corporate governance policies and procedures, including assisting

5          the Chairpersons of the various Board Committees as requested by those

6          Chairpersons.

7     •      Receive reports from the Nominating and Corporate Governance Committee

8          regarding compliance with and implementation of the Company's corporate

9          governance policies.

10     •      Receive reports from the Chairperson of the Nominating and Corporate Governance

11          Committee regarding recommended revisions to F5's corporate governance policies.

12     •      Evaluate, along with the other independent directors, the Chief Executive Officer's

13          performance and meet with the Chief Executive Officer to discuss the Board's

14          evaluation.

15     •      Recommend to the Nominating and Corporate Governance Committee members for

16          various Board Committees, as well as selection of the Committee Chairpersons.

17     **c.      Director Independence**

18      At least a majority of the members of the Board shall be "independent directors," as defined

19 below. To be deemed "independent" in any calendar year, a director, and the directors immediate

20 family members, would have to satisfy the following qualifications:

21          i.      Has not been employed as an elected officer of the Company or its

22 subsidiaries or affiliates within the last three (3) calendar years.

23          ii.      Has not received, during the current calendar year or any of the three

24 immediately preceding calendar years, remuneration, directly or indirectly, other than *de minimus*

25 *remuneration* (*i.e.*, not to exceed $100,000 per year), as a result of service as, or compensation paid

26 to an entity affiliated with the director that serves as (i) an advisor, consultant, or legal counsel to the

STIPULATION OF SETTLEMENT

1  Company or to a member of the Company's senior management; or (ii) a significant customer or

2  supplier (as defined by the NASDAQ rules) of the Company.

3          iii.    Has no personal services contract(s) with the Company or any member

4  of the Company's senior management.

5          iv.    Is not an executive officer of a public company at which an executive

6  officer of the Company serves as a director.

7          v.    Is not a full-time employee or director of a non-profit entity that

8  receives significant (i.e., not to exceed $100,000 per year) contributions from the Company.

9          vi.    Is not a member of the immediate family of any person described in

10  subsections (i)-(iv) above.

11          vii.    Has not had any of the relationships described in subsections (a)-(f)

12  above with any affiliate of the Company.

13      If the Company is out of compliance with the independence requirements set forth herein, the

14  Company will return to compliance within 30 days.

15          **d.**    **Director Perquisites**

16      Aside from meeting-related expenses such as airfare, hotel accommodations and modest

17  travel/accident insurance, non-employee directors will receive no other perquisites. Health, life, and

18  other forms of insurance, financial planning, automobile allowances, and other similar perquisites

19  will not be provided as benefits to directors.

20          **e.**    **Shareholder Meetings**

21          i.    Absent extraordinary circumstances, each member of the Board shall

22  be required to attend each annual shareholder meeting in person.

23          ii.    All qualified shareholder proposals shall be evaluated by the

24  Company's General Counsel and a Committee of at least two independent directors, as defined

25  herein, chaired by an independent Chairman. Such Committee will determine, in consultation with

26  the Company's General Counsel and with the assistance of outside advisors, if necessary, whether

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1   the shareholder proposal complies with the applicable substantive and procedural requirements of

2   the federal securities rules, and if so, will make a recommendation to the Board for or against such

3   shareholder proposal including the reasons for such recommendation.   The Committee will

4   determine whether to publish this recommendation in the applicable proxy statement.  Also, the

5   Committee will determine, in consultation with the Company's General Counsel and with the

6   assistance of outside advisors, if necessary, whether to submit a no-action request to the Securities

7   And Exchange Commission.

8       **3.**      **Compensation Practices**

9          a.      At least once every two (2) years the Compensation Committee shall select

10  and retain an independent consultant to compare the Company's executive compensation policies,

11  practices, and procedures relative to other public companies and prepare and submit to the

12  Compensation Committee a report.

13         b.      The Company shall adopt a policy that if the Company restates its reported

14  financial results to correct a material accounting error on an interim or annual financial statement

15  included in a report on Form 10-Q or 10-K due to material noncompliance with a financial reporting

16  requirement under the federal securities laws, the Board of Directors shall review any performance-

17  based bonuses paid to the Chief Executive Officer, Chief Accounting Officer, and General Counsel

18  as a result of the restated results during the 12-month period preceding the filing of the restatement

19  and, to the extent practicable and in the best interests of shareholders, shall seek to recover or cancel

20  the appropriate excess portion, if any, of such awards that were based on financial results that were

21  revised in the restatement.  Following such review, if the Board of Directors decides not to recover

22  or cancel any portion of the awards at issue, that decision shall be disclosed in the Company's next

23  annual proxy statement.

24  **C.**   **Procedure For Implementing The Settlement**

25       1.   Promptly after execution of this Stipulation, Federal Lead Plaintiff shall submit the

26  Stipulation and its exhibits to the Court and shall apply for an order substantially in the form of

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1   Exhibit A hereto, requesting the preliminary approval of the Settlement set forth in the Stipulation

2   (the "Preliminary Approval Order"), and approval for the publication of the Notice of Settlement

3   substantially in the form of Exhibit A-1 hereto, which shall include the general terms of the

4   Settlement set forth in the Stipulation, including the general terms of the fees and expenses to be

5   paid to Plaintiffs' Counsel and the date of the Settlement Hearing (as defined below).  Within

6   ten (10) days of the issuance of the Preliminary Approval Order, F5 shall cause the Stipulation to be

7   filed with the Securities And Exchange Commission, shall publish the Notice of Settlement for one

8   day in *Investor's Business Daily*, and shall post the Notice of Settlement on F5's website.  All costs

9   in providing notice will be paid by F5.

10          2.      The Federal Plaintiffs and Federal Lead Counsel will request that after the Notice of

11   Settlement is given as set forth above, the Court hold a hearing (the "Settlement Hearing") and

12   approve the settlement of the Federal Action as set forth herein, including payment of Plaintiffs'

13   Counsel's attorneys' fees and expenses in the amount negotiated by Federal Lead Counsel and F5,

14   with the assistance of a mediator, the Hon. Layn Phillips (Ret.), following negotiation of the

15   Corporate Governance Reforms, and enter the Judgment.

16          3.      Within five (5) business days after the issuance of an order by the Court finally

17   approving the Settlement, the Settling Parties and their counsel shall jointly apply to the State Court

18   for orders dismissing with prejudice the State Action, and shall use their reasonable best efforts to

19   take, or cause to be taken, all actions, and to do, or cause to be done, all things reasonably necessary,

20   proper and appropriate to secure dismissal with prejudice of the State Action.  Without limiting the

21   generality of the foregoing provision, Federal Lead Counsel will have lead and primary

22   responsibility for preparing, filing, and pursuing any and all motions or other pleadings necessary to

23   secure dismissal with prejudice of the State Action.

24   **D.      Releases**

25          1.      Upon the Effective Date (as defined in § IV(A)(5)) F5, Plaintiffs (acting on their own

26   behalf and derivatively on behalf of F5), and each of F5's shareholders (solely in their capacity as F5

570430_1

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

- 17 -

1  shareholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

2  and forever released, relinquished and discharged the Released Claims against the Released Persons

3  and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with

4  the defense, settlement or resolution of the Actions against the Released Persons, provided that

5  nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms

6  of the Stipulation or Judgment.

7          2.       Upon the Effective Date (as defined in § IV(A)(5)), F5, Plaintiffs (acting on their own

8  behalf and, derivatively on behalf of F5), and each of F5's shareholders (solely in their capacity as

9  F5 shareholders) will be forever barred and enjoined from commencing, instituting or prosecuting

10  any of the Released Claims or any action or other proceeding against any of the Released Persons

11  based on the Released Claims or any action or proceeding, arising out of, related to, or in connection

12  with the Settlement or resolution of the Actions, provided, that nothing herein shall in any way

13  impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or Judgment.

14          3.       Except as set forth in § IV(D)(4) below, upon the Effective Date (as defined in

15  § IV(A)(5)), each of the Released Persons shall be deemed to have, and by operation of the

16  Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of

17  the Plaintiffs, Plaintiffs' Counsel, F5, and all of the F5 shareholders (solely in their capacity as F5

18  shareholders) from all claims (including Unknown Claims), arising out of, relating to, or in

19  connection with the institution, prosecution, assertion, settlement or resolution of the Actions or the

20  Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party

21  to enforce the terms of the Stipulation or Judgment.

22          4.       Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or

23  claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors,

24  assigns, affiliates, or representatives.  Nothing in this Stipulation constitutes or reflects a waiver or

25  release of any rights or claims of the Individual Defendants relating in any way to indemnification,

26

570430_1          STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

- 18 -

1  advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by

2  way of indemnification or otherwise.

3  **E.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

4         After negotiating the Corporate Governance Reforms, Federal Lead Counsel, with the

5  assistance of the Honorable Layn Phillips, U.S. District Court Judge (Ret.), negotiated the attorneys'

6  fees and expenses that the Company would pay to Plaintiffs' Counsel in the Actions.  The Company

7  has agreed to pay $5,000,000 to Plaintiffs' Counsel in the Actions for their fees and expenses,

8  subject to Court approval ("Fee Award").  Within ten (10) business days of issuance of an order by

9  the Court finally approving the Settlement , the Company shall make the Fee Award payment into a

10  mutually agreeable escrow account, with F5 and Federal Lead Counsel as signatories to the account

11  (the "Fee Account").  Within ten (10) business days of the Effective Date, the parties to the Fee

12  Account will take all necessary steps to release the Fee Award payment, plus any accrued interest, to

13  Federal Lead Counsel as receiving agent for all Plaintiffs' Counsel.  Federal Lead Counsel shall then

14  be responsible for the allocation of such fees and expenses to Plaintiffs' Counsel, based upon each

15  counsel's contribution to the initiation, prosecution and/or resolution of the Actions.

16  **F.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

17         1.    The Effective Date is conditioned on the occurrence of all of the following events,

18  and is the first date by which all of the following events and conditions have been met and have

19  occurred:

20               a.    Approval of the Settlement, including the Corporate Governance Measures

21  and Fee Award by the F5 Board of Directors;

22               b.    Entry by the Court of the Judgment and an order approving the Settlement;

23               c.    Dismissal with prejudice of the State Action, without an additional award of

24  fees or costs to any of Plaintiffs' Counsel (other than the Fee Award), which dismissal has become

25  Final;

26               d.    Payment by the Company of the Fee Award; and

570430_1

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

- 19 -

1        e.     the Judgment has become Final.

2        2.     If any of the conditions specified in § IV(F)(1) are not met, then the Stipulation and the Settlement shall be canceled and terminated subject to § IV(F)(3), unless Federal Lead Counsel and counsel for F5 mutually agree in writing to proceed with the Stipulation and the Settlement.

3.     If for any reason the Effective Date of the Stipulation does not occur, within ten (10) business days of the event causing the Effective Date not to occur, the parties to the Fee Account will take all necessary steps to release the Fee Award payment, plus any accrued interest, to F5 on its own behalf and on behalf of its insurer.   If the Effective Date occurs but the Stipulation is in any way canceled or terminated, or if any orders or judgments specified in §§ IV(F)(1)(b) and (c) are successfully attacked collaterally, then the Fee Award payments to Plaintiffs' Counsel, and any and all interest accrued thereon since payment, shall be returned to F5 or its insurer, in accordance and in proportion as instructed by F5, within ten (10) business days of said event.  The return obligation set forth in this § IV(F)(3) is the joint and several obligation of all those Plaintiffs' Counsel who have received a payment in the Actions.  Each such Plaintiffs' Counsel's law firm, as a condition of receiving such payment, agrees that the law firm and its partners and/or shareholders are subject to the continuing jurisdiction of the Court and the State Court for the purposes of enforcing this § IV(F)(3).

**G.**    **Miscellaneous Provisions**

1.     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation and the Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and the Settlement, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation and the Settlement.

2.     Pending the Effective Date of this Stipulation or the termination of the Stipulation according to its terms, Plaintiffs are barred and enjoined from commencing, prosecuting, instigating,

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1   or in any way participating in the commencement or prosecution of any action asserting any

2   Released Claims against any Released Person.

3     3.  The Settling Parties intend this Settlement to be a final and complete resolution of all

4   disputes between Plaintiffs and the Defendants with respect to the Actions.  The Settlement

5   compromises claims that are contested and shall not be deemed an admission by any Settling Party

6   as to the merits of any claim, allegation or defense.  While Defendants deny that the claims advanced

7   in the Actions are meritorious, these Defendants agree that, in any statement made to any media

8   representative (whether or not for attribution), they will not assert that the Actions were not filed in

9   good faith and in accordance with the applicable rules, including, without limitation, Federal Rule of

10  Civil Procedure 11 and all other similar laws or rules.  The Settling Parties further agree that the

11  claims are being settled voluntarily after consultation with competent legal counsel.  The Settling

12  Parties will jointly request that the Judgment contain a finding that during the course of the litigation,

13  the parties and their respective counsel at all times complied with the requirements of Federal Rule

14  of Civil Procedure 11 and all other similar laws or rules.

15    4.  Neither the Stipulation (including any exhibits attached hereto) nor the Settlement,

16  nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

17  Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered, or used in any

18  way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any

19  fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b)

20  is intended by the Settling Parties to be offered or received as evidence or used by any other person

21  in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons

22  may file the Stipulation and/or the Judgment in any action that may be brought against them in order

23  to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith

24  and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of

25  claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Settling

26

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1 | Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any
2 | action to enforce the Settlement.

3 | 5. The exhibits to this Stipulation are material and integral parts hereof and are fully
4 | incorporated herein by this reference.

5 | 6. The Stipulation may be amended or modified only by a written instrument signed by
6 | or on behalf of all Settling Parties or their respective successors-in-interest.

7 | 7. This Stipulation and the exhibits attached hereto constitute the entire agreement
8 | among the Settling Parties and no representations, warranties or inducements have been made to any
9 | Settling Party concerning the Stipulation or any of its exhibits other than the representations,
10 | warranties and covenants contained and memorialized in such documents. Except as otherwise
11 | provided herein, each Settling Party shall bear its own costs.

12 | 8. Federal Lead Counsel are expressly authorized by the Federal Plaintiffs to take all
13 | appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms
14 | and also are expressly authorized by the Federal Plaintiffs to enter into any modifications or
15 | amendments to the Stipulation which they deem appropriate on behalf of the Federal Plaintiffs.

16 | 9. Each counsel or other Person executing the Stipulation or the exhibits attached hereto
17 | on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

18 | 10. The Stipulation may be executed in one or more counterparts. A faxed or
19 | electronically scanned (in .pdf format) signature shall be deemed an original signature for the
20 | purposes of this Stipulation. All executed counterparts and each of them shall be deemed to be one
21 | and the same instrument. A complete set of counterparts, either originally executed or copies
22 | thereof, shall be filed with the Court and, thereafter, with the State Court.

23 | 11. The Stipulation and the Settlement shall be binding upon, and inure to the benefit of,
24 | the successors and assigns of the Settling Parties and the Released Persons.

25

26

570430_1

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

1    12.    The Court shall retain jurisdiction with respect to implementation and enforcement of

2    the terms of the Stipulation and the Settlement, and the Settling Parties submit to the jurisdiction of

3    the Court for purposes of implementing and enforcing the Stipulation and the Settlement.

4    13.    This Stipulation and the exhibits attached hereto shall be considered to have been

5    negotiated, executed and delivered, and to be wholly performed, in the state of Washington, and the

6    rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance

7    with, and governed by, the internal, substantive laws of the state of Washington without giving effect

8    to that state's choice of law principles.

9    14.    The Parties hereby represent and warrant that they have not assigned any rights,

10   claims or causes of action that were asserted or could have been asserted in connection with, under

11   or arising out of the Released Claims.

12   15.    All agreements made and orders entered during the course of the Actions relating to

13   the confidentiality of information shall survive this Stipulation.

14   16.    Without further order of the Court, the Settling Parties may agree to reasonable

15   extensions of time to carry out any of the provisions of this Stipulation.

16

17   IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to be executed by

18   their duly authorized attorneys and dated September 24, 2010.

19                                  LAW OFFICES OF TAMARA J. DRISCOLL
                                     TAMARA J. DRISCOLL (WSBA #29212)
20                                   321 North 80th Street
                                     Seattle, WA  98103
21                                   Telephone:  206/724-5362
                                     tamaradriscoll@alumni.nd.edu
22
                                     Local Counsel for Federal Lead Plaintiff
23

24

25

26

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

ROBBINS GELLER RUDMAN
   & DOWD LLP
TRAVIS E. DOWNS III
ELLEN GUSIKOFF STEWART
BENNY C. GOODMAN III


_____ III
BENNY C. GOODMAN III

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Federal Lead Plaintiff


FENWICK & WEST LLP
BRIAN D. BUCKLEY


_____
BRIAN D. BUCKLEY

1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206/389-4521
206/389-4511 (fax)
bbuckley@fenwick.com

Attorneys for Nominal Defendant
F5 Networks, Inc.

STIPULATION OF SETTLEMENT

- 24 -

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

1

2    DLA PIPER LLP (U.S.)
     STELLMAN KEEHNEL
3

4

5                            STELLMAN KEEHNEL

6    701 Fifth Avenue, Ste. 7000
     Seattle, WA 98104-7044
7    Telephone:  206/839-4800
     206/839-4801 (fax)
8

9    Attorneys for Nominal Defendant
     F5 Networks, Inc.
10

11

12   MCNAUL, EBEL, NAWROT, HELGREN
       & VANCE, P.L.L.C.
13   ROBERT M. SULKIN
     GREGORY J. HOLLON
14

15

16                            ROBERT M. SULKIN

17   600 University Street, Suite 2700
     Seattle, WA 98101-3143
18   Telephone:  206/467-1816
     206/624-5128 (fax)
19

20   Attorneys for Defendants Jeff Pancottine,
     Steven B. Coburn and Steven Goldman
21

22

23

24

25

26

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

1

2        DLA PIPER LLP (U.S.)
         STELLMAN KEEHNEL
3

4        _____

5                STELLMAN KEEHNEL

6        701 Fifth Avenue, Ste. 7000
         Seattle, WA 98104-7044
7        Telephone: 206/839-4800
         206/839-4801 (fax)
8

9        Attorneys for Nominal Defendant
         F5 Networks, Inc.
10

11

12       MCNAUL, EBEL, NAWROT, HELGREN
            & VANCE, P.L.L.C.
13       ROBERT M. SULKIN
         GREGORY J. HOLLON
14
                              for R. Sulki
15                            WSBA 26311
         _____
16                  ROBERT M. SULKIN
17       600 University Street, Suite 2700
         Seattle, WA 98101-3143
18       Telephone: 206/467-1816
         206/624-5128 (fax)
19
         Attorneys for Defendants Jeff Pancottine,
20       Steven B. Coburn and Steven Goldman

21

22

23

24

25

26

STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington 98103
Telephone: 206/724-5362

1

2

3   ORRICK HERRINGTON & SUTCLIFFE LLP
    GEORGE E. GREER
    LORI LYNN PHILLIPS

4

5

6   _____
                GEORGE E. GREER

7
    701 Fifth Avenue, Suite 5600
8   Seattle, WA 98104
    Telephone:  206/839-4300
9   206/839-4301 (fax)

10

11  Attorneys for Defendants Joann M. Reiter,
    Carlton Amdahl, Edward J. Eames,
12  Jeffrey S. Hussey, John McAdam, Tom Hull,
    John Rodriguez, Andy Reinland, and Kenny J.
13  Frerichs

14

15  KIRKPATRICK & LOCKHART PRESTON
    GATES ELLIS LLP
16  HUGH F. BANGASSER
    PHILIP M. GUESS
17  RICHARD A. KIRBY

18

19  _____
                PHILIP M. GUESS
20
    925 Fourth Avenue, Suite 2900
21  Seattle, WA 98104-1158
    Telephone:  206/623-7580
22  206/623-7022 (fax)

23  Attorneys for Defendants Keith D. Grinstein,
    Karl D. Guelich, Alan J. Higginson,
24  A. Gary Ames and Rich Malone

25

26

570430_1   STIPULATION OF SETTLEMENT

1

2

3      ORRICK HERRINGTON & SUTCLIFFE LLP
       GEORGE E. GREER
4      LORI LYNN PHILLIPS

5

6      _____
7                  GEORGE E. GREER

8      701 Fifth Avenue, Suite 5600
       Seattle, WA  98104
9      Telephone:  206/839-4300
       206/839-4301 (fax)

10

11     Attorneys for Defendants Joann M. Reiter,
       Carlton Amdahl, Edward J. Eames,
12     Jeffrey S. Hussey, John McAdam, Tom Hull,
       John Rodriguez, Andy Reinland, and Kenny J.
13     Frerichs

14

15     KIRKPATRICK & LOCKHART PRESTON
       GATES ELLIS LLP
16     HUGH F. BANGASSER
       PHILIP M. GUESS
17     RICHARD A. KIRBY

18

19     _____
                   PHILIP M. GUESS
20
       925 Fourth Avenue, Suite 2900
21     Seattle, WA  98104-1158
       Telephone:  206/623-7580
22     206/623-7022 (fax)

23     Attorneys for Defendants Keith D. Grinstein,
       Karl D. Guelich, Alan J. Higginson,
24     A. Gary Ames and Rich Malone

25

26

570430_1      STIPULATION OF SETTLEMENT

                              - 26 -

1

2      WILLIAMS KASTNER & GIBBS PLLC
       RANDY J. ALIMENT
3      JOHN A. KNOX

4

5      ~~JOHN A. KNOX~~
       Randy J. Aliment
6      Two Union Square
       601 Union Street, Suite 4100
7      Seattle, WA  98101-2380
       Telephone:  206/628-6600
8      206/628-6611 (fax)

9      Attorneys for Defendant Brett L. Helsel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

570430_1      STIPULATION OF SETTLEMENT

Law Offices of Tamara J. Driscoll
321 North 80th Street
Seattle, Washington  98103
Telephone:  206/724-5362

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 7, 2010.

s/ Benny C. Goodman III
BENNY C. GOODMAN III

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:bennyg@rgrdlaw.com

28

# Mailing Information for a Case 2:06-cv-00794-RSL

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randy J Aliment**
  raliment@williamskastner.com,mojones@williamskastner.com,brogers@williamskastner.com

- **Hugh Frederick Bangasser**
  hugh.bangasser@klgates.com,shirli.simmons@klgates.com

- **Brian D Buckley**
  bbuckley@fenwick.com,kroth@fenwick.com,doconnor@fenwick.com

- **Clifford A Cantor**
  cacantor@comcast.net,cliffcantor@hotmail.com

- **Sara E Collier**
  sec@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Jeffrey B Coopersmith**
  jeff.coopersmith@dlapiper.com,nina.marie@dlapiper.com,evelyn.dacuag@dlapiper.com

- **Travis E Downs , III**
  travisd@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Tamara J Driscoll**
  TamaraDriscoll@alumni.nd.edu,e_file_sd@csgrr.com

- **John G Emerson**
  jemerson@emersonpoynter.com,tanya@emersonpoynter.com,swilson@emersonpoynter.com

- **William B Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Benny C Goodman , III**
  bennyg@csgrr.com,e_file_sd@csgrr.com

- **John K Grant**
  johng@csgrr.com,e_file_sf@csgrr.com

- **George E Greer**
  ggreer@orrick.com

- **Philip M Guess**
  philg@klgates.com,rhonda.hinman@klgates.com

- **Gregory J Hollon**

**2 9**

ghollon@mcnaul.com,dphillips@mcnaul.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

- **Richard A Kirby**
  richardk@prestongates.com

- **John Alan Knox**
  jknox@williamskastner.com,jkknox@williamskastner.com

- **Kirk Robert Mulfinger**
  kirk@purchaselaw.com,jessica@purchaselaw.com

- **Lori Lynn Phillips**
  lphillips@orrick.com,mtracey@orrick.com

- **Kip B Shuman**
  kip@shumanlawfirm.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com

- **Robert M Sulkin**
  rsulkin@mcnaul.com,rlindsey@mcnaul.com

- **Russell B Wuehler**
  russell.wuehler@dlapiper.com,nina.marie@dlapiper.com,tara.holland@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

**3 0**