UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re F5 NETWORKS, INC. DERIVATIVE LITIGATION | Master File No. C06-794 RSL |
|---|---|
| | ORDER AND FINAL JUDGMENT |

This matter comes before the Court on the parties' motion for final approval of derivative settlement. Dkt. #145. Having reviewed the memoranda, all documents, evidence, the record herein and oral argument, the Court enters this Order and Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Notice provided to F5 stockholders constituted the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Court finds that, during the course of the litigation of the Federal Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

ORDER AND FINAL JUDGMENT - 1

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. The Court finds that the corporate governance measures implemented and/or maintained through the Settlement provide substantial benefits to F5 and its shareholders. Dkt. #147 ¶¶20-24, 31-39.

7. The Court finds that an award of attorney's fees to Plaintiffs is appropriate. <u>Mills v. Elec. Auto-Lite Co.</u>, 396 U.S. 375, 396 (1970) ("Where an action by a stockholder results in a substantial benefit to a corporation he should recover his costs and expenses. . . . [A] substantial benefit must be . . . one that accomplishes a result which corrects or prevents an abuse which would be prejudicial to the rights and interests of the corporation or affect the enjoyment or protection of an essential right to the stockholder's interest."); <u>Lewis v. Chiles</u>, 719 F.2d 1044, 1049 (9th Cir. 1983) (in a derivative suit, a "court may make [an attorney's fees] award even when the benefit is non-pecuniary and there is no fund out of which to pay the fees."); <u>Interlake Porsche + Audi, Inc. v. Blackburn</u>, 45 Wn. App. 502, 521 (1986) (In a shareholder derivative action, litigant may recover fees where he/she "confers a substantial benefit on an ascertainable class, such as corporate stockholders").

8. The Court finds that the Fee Award of $5,000,000.00 is fair and reasonable, and hereby approves the Fee Award. Dkt. #137 ¶7.

9. The Federal Action and all claims contained therein against Defendants, as well as all of the Released Claims against each of the Defendants and their Related Persons, are hereby dismissed with prejudice. As among the Federal Lead Plaintiff and the Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. Upon the Effective Date, as defined in the Stipulation, Plaintiffs (acting on their

ORDER AND FINAL JUDGMENT - 2

own behalf and derivatively on behalf of F5), and each of F5's shareholders (solely in their capacity as F5 stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions, against the Released Persons, provided that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or the Judgment.

11. Upon the Effective Date, as defined in the Stipulation, F5, Plaintiffs (acting on their own behalf and derivatively on behalf of F5), and each of F5's stockholders (solely in their capacity as F5 stockholders) will be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims or any action or other proceeding against any of the Released Persons based on, arising out of, related to, or in connection with, the Released Claims or the Settlement or resolution of the Actions, provided that claims to enforce the terms of the Stipulation are not released.

12. Upon the Effective Date, as defined in the Stipulation, and except as set forth in §IV(D)(4) of the Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, F5, and all of the F5 stockholders (solely in their capacity as F5 stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or the Judgment.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

ORDER AND FINAL JUDGMENT - 3

deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

16. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

DATED this 6th day of January, 2011.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER AND FINAL JUDGMENT - 4